UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

-------------------------------------------------------------X
KYLEY REINING, individually and on behalf of
others similarly situated,

        Case No: 8:17-cv-00820-JDW-AEP

        Plaintiffs,

v.

BLOOMIN' BRANDS, INC. & CARRABBA'S
ITALIAN GRILL, LLC,

        Defendants.
_____/

## CASE MANAGEMENT REPORT

    1.    <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on <u>October 23, 2017</u> (date) at <u>10:00 a.m.</u>(time) (check one) (__) by telephone (or) (_x_) at <u>Miami, Florida</u> (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Gregg I Shavitz, Esq. | Plaintiff |
| Kevin D. Johnson, Esq. | Defendants |

    2.    <u>Initial Disclosures</u>:

    a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to

Case Management Report

Page | 2

satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

____X____   have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before __January 15, 2018__ (date).[2]

_____   stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____

_____   have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).  (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:
_____
_____
_____

3.   Discovery Plan - Plaintiff:  The parties jointly propose the following Plaintiff's discovery plan:

   a.   Plaintiff's Planned Discovery:  A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (1) Requests for Admission:   Plaintiffs will serve requests for admission as to all issues relevant to their claims and Defendants' defenses.  Such

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.  See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan."  Fed. R. Civ. P. 26(a)(1).  Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order.  See Fed. R. Civ. P. 26(a)(1).

Rev: 4/01 (revised 5/01 JDW)

requests will be served so as to be completed prior to the discovery deadline.

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories:</u>   Plaintiffs will serve interrogatories as to all issues relevant to their claims and Defendants' defenses.  Such requests will be served so as to be completed prior to the discovery deadline.

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u>   Plaintiffs will serve requests for production and inspection as to all issues relevant to their claims and Defendants' defenses.   Such requests will be served so as to be completed prior to the discovery deadline.

(4) <u>Oral Depositions:</u>   Plaintiffs anticipate taking depositions of witnesses, including depositions pursuant to Rule 30(b)(6), as to all issues relevant to their claims and Defendants' defenses.  Such   depositions will take place prior to the discovery deadline.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|------|-------------------------------|---------|
|      |                               |         |

b. <u>Disclosure of Non-Expert Testimony</u>: Parties stipulate that they will disclose all non-expert witnesses by the date listed below (no later than sixty (60) days prior to pre-trial conference):

October 1, 2018

c. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

May 4, 2018

d. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

May 4, 2018

e. <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before   <u>June 27, 2018</u>   (date).

Case Management Report
Page | 5

4. <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission</u>: Defendants will serve requests for production and inspection as to all issues relevant to Plaintiff's claims and Defendants' defenses. Such requests will be served so as to be completed prior to the discovery deadline.

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>: Defendants will serve interrogatories as to all issues relevant to Plaintiff's claims and Defendants' defenses. Such requests will be served so as to be completed prior to the discovery deadline.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request

by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection: Defendants will serve requests for production and inspection as to all issues relevant to Plaintiff's claims and Defendants' defenses. Such requests will be served so as to be completed prior to the discovery deadline.

(4) Oral Depositions: Defendants anticipate taking depositions of witnesses as to all issues relevant to Plaintiff's claims and Defendants' defenses. Such depositions will take place prior to the discovery deadline.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
| --- | --- | --- |

Case Management Report
Page | 7

    b. <u>Disclosure of Non-Expert Testimony</u>: Parties stipulate that they will disclose all non-expert witnesses by the date listed below (no later than sixty (60) days prior to pre-trial conference):

    October 1, 2018

    c. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

    June 1, 2018

    d. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

    May 4, 2018

    e. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before   <u>June 29, 2018</u>   (date).

5.   <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

The Parties agree that January 31, 2018 shall also be the date by which Plaintiffs shall file their Motion for Conditional Certification. If Conditional Certification is granted, and depending on the extent of opt-in participation, representative discovery may need to be coordinated and one or more deadlines may need to be extended.

The parties have commenced discussions on issues related to confidentiality and Electronically Stored Information ("ESI"). The parties will bring such matters to the Court if necessary.

6.   <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

    No disagreement

Rev: 4/01 (revised 5/01 JDW)

Case Management Report
Page | 8

      7.    <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be <u>January 31, 2018, other than the addition of opt-in plaintiffs if notice of this action is issued</u>. (Note time limit in Local Rule 4.03.)

      8.    <u>Settlement and Alternative Dispute Resolution</u>:  Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is   **see below**
    \_\_\_\_ likely       (check one)
    \_\_\_\_ unlikely.
    The parties have engaged in early mediation with Anne Estevez and agreed to reconvene in 60 days to determine whether settlement can be reached.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
    \_\_\_\_ yes    \_\_x\_\_ no    \_\_No\_\_ likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida,   mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

      9.    <u>Consent to Magistrate Judge Jurisdiction</u>:  The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial.  <u>See</u> 28 U.S.C. § 636.

    \_\_\_\_ yes    \_\_x\_\_ no    \_\_No\_\_ likely to agree in future

      10.    <u>Preliminary Pretrial Conference</u>:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:   Parties

Rev: 4/01 (revised 5/01 JDW)

Case Management Report
Page | 9

   X   request      (check one)
      do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.   Unresolved issues to be addressed at such a conference include:

Issues regarding trial and presentation of evidence of collective action case, including potential representative evidence and other issues

      11.    <u>Final Pretrial Conference and Trial</u>:   Parties agree that they will be ready for a final pretrial conference on or after  <u>December 1, 2018</u>   (date) and for trial on or after <u>January 7, 2019.</u>  (date).   This **Jury**  <u>  X  </u>  **Non-Jury**  _____   trial is expected to take approximately  <u>  40  </u>  hours.

      12.    <u>Pretrial Disclosures and Final Pretrial Procedures</u>:   Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

      Yes

      13.    <u>Other Matters</u>:   None.

RESPECTFULLY SUBMITTED, this <u>16th of November 2017.</u>

| /s/ Gregg I. Shavitz | **/s/** Kevin D. Johnson |
|---|---|
| Gregg I. Shavitz | Kevin Johnson |
| Florida Bar No. 11398 | Florida Bar No. 0013749 |
| **SHAVITZ LAW GROUP, P.A.** | **JOHNSON JACKSON, LLC** |
| 1515 S. Federal Hwy., Suite 404 | 100 N. Tampa St., Suite 2310 |
| Boca Raton, Florida 33432 | Tampa, Florida 33602 |
| Telephone:   (561) 447-8888 | Telephone:   (813) 580-8400 |
| gshavitz@shavitzlaw.com | kjohnson@johnsonjackson.com |
| *Attorneys for Plaintiff and the Putative Collective* | *Attorneys for Defendants* |

Rev: 4/01 (revised 5/01 JDW)

Case Management Report
Page | 10

# CERTIFICATE OF SERVICE

     I hereby certify that on November 16, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.


                                                s/ Gregg I. Shavitz
                                                Gregg I. Shavitz, Esq.


## SERVICE LIST
*Margaret Cotter v. Bloomin' Brands, Inc. & Bonefish Grill, LLC*
*Case No.: 8:17-cv-00910-EAK-AAS*
*United States District Court, Middle District of Florida*

Kevin Johnson, Esq.
Johnson Jackson, LLC
100 N. Tampa St., Suite 2310
Tampa, FL 33602
kjohnson@johnsonjackson.com

Served via CM/ECF and e-mail

Rev: 4/01 (revised 5/01 JDW)